**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
**(973) 645-6340**

**WILLIAM J. MARTINI**
**JUDGE**

February 1, 2006

**LETTER OPINION**

Robert Thomas Pickett
15 Village Plaza
Suite 1C
South Orange, NJ 07079

(*Counsel for Plaintiff*)

Andrew B. Joseph
Drinker, Biddle & Reath LLP
500 Campus Drive
Florham Park, NJ 07932-1047

(*Counsel for Defendants*)

**RE:   Mtume v. AT&T Wireless Servs., Inc., et al.
        Civ. No. 05-5218 WJM**

Dear Counsel:

This matter comes before the Court on AT&T Wireless Service, Inc. and Cingular Wireless LLC's Motion to Compel Arbitration. There was no oral argument. Fed. R. Civ. P. 78. For the following reasons, Defendants' motion is **GRANTED**.

**I.    Background**

On November 18, 2002, Plaintiff James Mtume ("Mtume") activated a Next Generation Charter Offer wireless service plan and wireless phone from Defendant AT&T Wireless Services, Inc. ("AWS"). The phone was packaged with a "Welcome Guide," which contained the terms and conditions for wireless service. The "Welcome Guide" also included a provision requiring the arbitration of certain disputes with AWS (the "Arbitration Provision").

On October 26, 2004, AWS merged with Cingular Wireless Services, LLC ("Cingular") (together, "Defendants"). As a result, Cingular assumed control over Mtume's account and provided customer support for his plan. On September 23, 2005, Mtume filed a class action

against Defendants in the Superior Court of New Jersey, Essex County, alleging that Defendants violated the New Jersey Consumer Fraud Act, N.J.S.A. §§ 56:8-1, *et seq.*, and committed a breach of contract by forcing him to "migrate" from AWS's service plan to Cingular's costlier service plan as a result of the merger. Mtume seeks damages, injunctive relief, attorneys' fees and costs on behalf of himself and the putative class of similarly situated plaintiffs.

Defendants subsequently removed the case to this Court pursuant to 28 U.S.C. §§ 1332(d)(2)(A), 1446, 1453. Defendants then moved to compel arbitration pursuant to the Arbitration Provision. Their motion is presently before the Court.

**II.     Discussion**

   **A.     Standard of Review**

An arbitration agreement contained in a contract involving interstate commerce is subject to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16. *See Perry v. Thomas*, 482 U.S. 483, 489 (1987).[1] The FAA provides that "a party aggrieved by the alleged ... refusal of another to arbitrate under a written agreement for arbitration may petition [a] United States district court ... for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. Such petitions are treated as a motion for summary judgment. *See Cunningham v. Citigroup*, No. 05-3476, 2005 U.S. Dist. LEXIS 33805, at *5 (D.N.J. Dec. 16, 2005) (citing *Par-Knit Mills, Inc. v. Stockbridge Fabrics Co.*, 636 F.2d 51, 54 n.9 (3d Cir. 1980)). Accordingly, Defendants must demonstrate that there is no genuine issue as to any material fact, and that they are entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). Furthermore, the Court must view all evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).[2]

---

[1] The Arbitration Provision clearly constitutes a contract involving interstate commerce. *See Schiano v. MBNA*, No. 05-1771, 2005 U.S. Dist. LEXIS 35606, at *13 (D.N.J. Dec. 20, 2005) (determining whether a contract with an arbitration provision evidences a transaction involving interstate commerce is "'not a rigorous inquiry'" and that "the contract 'need only have the slightest nexus with interstate commerce.'") (quoting *Crawford v. W. Jersey Health Sys.*, 847 F. Supp. 1232, 1240 (D.N.J. 1994)). Furthermore, the Welcome Guide states that it "evidences a transaction involving interstate commerce and [the Arbitration Provision] will be interpreted and enforced in accordance with the Federal Arbitration Act and federal arbitration law." *See also* Welcome Guide at 27.

[2] Mtume did not file any opposition to Defendants' motion. Fed. R. Civ. P. 56(e) provides that "if the adverse party does not ... respond, summary judgment, if appropriate, shall be entered against the adverse party." When considering an unopposed motion for summary judgment, "it is entirely appropriate for this court to treat all facts properly supported by the movant to be uncontroverted." *Allebach v. Sherrer*, No. 04-287, 2005 U.S. Dist. LEXIS 15626, at *5 (D.N.J. July 27, 2005) (citing *Anchorage Assoc.*, 922 F.2d at 176).

### B. Defendants' Motion to Compel Arbitration is GRANTED.

"Arbitration is a matter of contract between the parties, and a judicial mandate to arbitrate must be predicated upon an agreement to that effect." *Par-Knit Mills, Inc.*, 636 F.2d at 54. A court must compel arbitration if there is clear evidence that the parties entered an agreement to arbitrate. *See* 9 U.S.C. §§ 3, 4; *G.E. v. Deutz AG*, 270 F.3d 144, 154 (3d Cir. 2001). The inquiry into whether the parties agreed to submit their disputes to arbitration, and the scope of any arbitration agreement, is governed by "ordinary state law principles governing contract formation." *Deutz AG*, 270 F.2d at 154.

The Arbitration Provision clearly states:

> Any dispute or claim ... (whether based in contract, tort, statute, fraud, misrepresentation or any other legal theory) *will be resolved by binding arbitration* except that (1) you may take claims to small claims court if they qualify for hearing by such a court, or (2) you or we may choose to pursue claims in the court if the claims relate solely to the collection of any debts you owe to us.

Welcome Guide at 27 (emphasis added).[3] Furthermore, the Arbitration Provision states that it "is intended to be interpreted *broadly* to encompass *all* disputes or claims arising out of our relationship." *Id.* (emphasis added).

Based on these terms, it is clear Mtume's dispute falls within scope of the Arbitration Provision. Therefore, this matter must first proceed to arbitration before it can be heard by this Court. Accordingly, Defendants' Motion to Compel Arbitration is **GRANTED.**

### III. Conclusion

For the foregoing reasons, Defendants' Motion to Compel Arbitration is **GRANTED.** An appropriate Order accompanies this Letter Opinion.

s/ William J. Martini
**William J. Martini, U.S.D.J.**

cc: The Honorable Ronald J. Hedges, U.S.M.J.

---

[3] Furthermore, the AT&T Service Agreement also states that "[w]e may assign all or part of this Agreement without such assignment being considered a change to the Agreement, and without notice to you...." *See* Welcome Guide at 28. This clearly contemplates assignment of the Arbitration Provision, such as would occur in a merger of two companies.